814

NEW WRINKLE, Inc. et al. v. MARZALL.

Civ. A. No. 2964–49.

United States District Court
District of Columbia.

Feb. 11, 1952.

John M. Mason, Washington, D. C., Toulmin & Toulmin, Dayton, Ohio, for plaintiffs.

E. L. Reynolds, Sol. of Patents, J. Schimmel, Attorney, Washington, D. C., for defendant.

CURRAN, Judge.

This is a civil action under the provisions of Section 4915 of the Revised Statutes, 35 U.S.C.A. § 63, in which the plaintiffs, Wiliam A. Waldie and New Wrinkle, Inc., assignee of said Waldie, the inventor, seek a judgment from this Court authorizing the defendant, Commissioner of Patents, to grant a patent to the plaintiffs based upon certain claims of the patent application of said Waldie, Serial No. 653,932, filed March 12, 1946, entitled "Wrinkle Catalyst."

The defendant admits that he has refused and still refuses to grant plaintiffs a patent for the reasons set forth in the examiner's statement and in the decision of the Board of Appeals, and in view of three prior patents. The claims were rejected as unpatentable over the prior art, and claims 1 to 4 were held to be aggregative.

The alleged invention relates to the art of producing coating compositions which will create a wrinkle finish when applied to objects and dried. The art to be patented consists of adding a dry texture modifying powder to a non-wrinkling oil (or a non-wrinkling varnish base) that has been heated to a temperature of from 350 degrees F. to 420 degrees F. The mixture is then heated to around 600 degrees F. and allowed to cool. When the composition is sufficiently cool, a thinner is added. The dry texture modifying powder mentioned above is composed of: (1) an oil reactant, that is, maleic acid, maleic acid anhydride or fumaric acid; and (2) a texture producer, that is, manganese borate, cobalt acetate or lead oxide. This texture modifier is also referred to as a drier.

The oil reactant and the texture producer react with each other upon being added to the heated oil. Plaintiffs say that this reaction produces a stronger wrinkle and a harder finish than is previously known in the art. Basically then this alleged ·invention is the art of taking an oil reactant and a texture modifier (drier) and adding them *as a unit* to a heated non-wrinkling oil. It is claimed that the al-

leged invention differs from the prior art in that (1) the oil reactant and texture modifier (drier) are added as a single unit (which is referred to as a dry texture modifying powder) to the oil composition; (2) reaction between the oil reactant and texture modifier takes place in the heated oil composition to form cobalt maleate, another drier; (3) the process is simpler and time-saving; (4) a firmer wrinkle and a harder finish is produced because of the reaction between the oil in the texture modifier which results in a chemically different composition.

Claims 1 to 4, inclusive, define a dry mixture of the materials denominated a texture modifying powder; claims 5, 6, 7 and 9 define an oil or varnish composition which dries to a wrinkle finish, the composition comprising a non-wrinkling oil or varnish base and the texture modifying powder of claims 1 to 4; claims 8, 10 and 11 define the method or process of converting or producing a wrinkling oil or varnish from a non-wrinkling oil or varnish base comprising a two-stage heating process, the texture producing powder being added after the first stage.

■■■ The Patent Office rejected the claims because they failed to define invention over the prior art, and the Root and Waldie Patents are the ones relied upon. Root used a wrinkling oil, that is, the oil of the coating composition had properties which tended to produce a wrinkling finish. For his drier he used the same chemicals which the plaintiffs here call their texture producer. Waldie Patent No. 2,392,346 heated a non-wrinkling oil (with a resin added) to 400 degrees F., added an oil reactant and then heated to 550 degrees F., cooled the mixture and then added a thinner and a drier (nuodex cobalt 6%). What the plaintiffs have done is add to a non-wrinkling oil or varnish simultaneously that which previously had been added sequentially. The finding of the Patent Office that the claimed invention was fairly anticipated by the prior art is reasonable. If a reasonable basis for the Patent Office's rejection of the application exists, the Court should not authorize the issuance of a patent. Furthermore, the plaintiffs have not established that the product of the alleged invention is substantially different from that which was produced under the prior art. Plaintiff Waldie did testify that as a result of adding the oil reactant and the texture modifier as a unit, he produced a harder finish and a firmer wrinkle, but there was no showing that the product produced by him under the method of his application is substantially different from that produced under the prior art. Where the result accomplished is substantially the same, steps taken concurrently or simultaneously are the equivalent of and not patentable over steps taken successively.

Claims 1 to 4, inclusive, relate to a mixture of the oil reactant and the texture modifier, which make up the dry texture modifying powder. This powder is prepared by mixing the acid and drier together. There is no showing that there is a chemical combination of these substances in the chemical mixture. Nor is there any showing that there is any new function or effect brought about by their association in the mixture. The acid component and the drier component are known to the art as effective in wrinkle finish compositions, the former in Waldie and the latter in Root. There is no invention in combining or mixing them. Claims 1 to 4, inclusive, are aggregative.

Findings of fact and conclusions of law being contained in this opinion, no formal findings of fact and conclusions of law are necessary. Counsel for the defendant will prepare the appropriate judgment.